IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY LOCKETT,

                Plaintiff,

v.

C.O. GOFF,

                Defendant.

OPINION & ORDER

17-cv-93-jdp

---

Plaintiff Jeremy Lockett, a prisoner incarcerated at the Wisconsin Secure Program Facility, brings this lawsuit alleging that defendant Correctional Officer Daniel Goff violated his First Amendment right to complain about harassment by confiscating and ultimately losing his personal property. Lockett has filed a motion to amend the complaint, to change the dates of some of the events listed in the complaint by a day in either direction. Given the extremely minor nature of these changes, Goff says that he does not oppose amendment. I will grant that motion.

Goff has filed a motion for summary judgment based on Lockett's failure to exhaust his administrative remedies on his retaliation claim. Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Its purpose is not to protect defendants but to give prison officials an opportunity to resolve complaints without judicial intervention. *Perez*

*v. Wis. Dep't of Corr.*, 182 F.3d 532, 537–38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

In his complaint, Lockett sated that Goff confiscated his property after he threatened to file a grievance against Lockett for harassing him. Goff contends that Lockett failed to meet the exhaustion standards detailed above because he did not file any grievances putting prison officials on notice of his retaliation claim. The parties agree that Lockett filed two grievances about Goff confiscating or losing his property, but the grievances do not say anything about Goff harassing him or retaliating against him. *See* Dkt. 24 and attached exhibits.

Lockett argues that he does not have to state legal theories in his grievances, and that he would have notified staff about the retaliation had they interviewed him as required under Division of Adult Institutions (DAI) policy #310.00.01 ("When an ICE receives a complaint alleging staff misconduct of a non-sexual nature, the inmate must be interviewed as soon as possible."). Lockett is correct that, in the absence of particular grievance rule mandating more, inmates usually do not have to plead legal theories in their grievances. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). But a prisoner must still "alert[] the prison to the nature of the

2

wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). And the state of Wisconsin at least requires that the inmate "clearly identify the issue." Wis. Admin. Code § 310.09(e).

This court has addressed this very issue before, stating, "If the grievance concerns alleged retaliation, then at a minimum it must identify two things: the protected conduct that provoked the retaliation and the retaliatory act." *Sheahan v. Suliene*, No. 12-cv-433-bbc, at *3–4 (W.D. Wis. May 24, 2013) (citing *Wine v. Pollard*, No. 08-cv-173-bbc, 2008 WL 4379236, at *3 (W.D. Wis. Sept. 23, 2008); *Henderson v. Frank*, No. 06-C-12-C, 2006 WL 850660, at *2 (W.D. Wis. Mar. 21, 2006)). Lockett describes the retaliatory act (confiscation of his property) but did not explain his protected conduct that caused the alleged retaliation. This is insufficient to put the state on notice of the nature of the wrong.

As for Lockett's assertion that he would have explained the retaliation in a later interview under DAI policy, I do not read anything in that policy or other exhaustion policies suggesting that an inmate is allowed to leave out key details of a grievance to be picked up later in an interview. Nor does Lockett suggest that he raised the retaliation issue when he met with the institution complaint examiner as part of the grievance process. The regulations and case law discussed above still require an inmate to plead enough about a retaliation claim to alert prison officials to that claim. Therefore, I conclude that Lockett failed to properly raise the retaliation issue.

I will grant Goff's motion and dismiss this case without prejudice for Lockett's failure to exhaust it. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). He can refile the claim if he can successfully exhaust it, but he

will likely find it impossible to file a proper grievance because those events happened too long ago.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeremy Lockett's motion to amend his complaint, Dkt. 20, is GRANTED.

2. Defendant C.O. Goff's motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies, Dkt. 22, is GRANTED and this case is DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered September 13, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge